WENTWORTH, Judge.
Appellant seeks review of a Public Employees Relation Commission (PERC) order upholding his dismissal from employment with appellee Department of Corrections (DOC). We find that PERC properly determined that appellant was dismissed for just cause, and we affirm the order appealed.
Appellant was employed at Union Correctional Institution as an electrician/vocational instructor. After an inmate escaped while under appellant’s supervision, DOC notified appellant that he was being dismissed from his employment. The notification letter stated that by failing to maintain direct sight supervision appellant had been negligent and violated departmental rules and institutional operating procedures.
At an administrative hearing evidence was presented establishing that appellant was supervising several inmates working outside the perimeter fence of the institution when he responded to a telephone call. After this call appellant was engaged in conversation by another inmate, and then returned approximately 15 to 20 minutes later and found that one of the inmates under his supervision was missing. This individual, who escaped and was subsequently apprehended, was classified as a medium custody inmate. Appellant admitted that during the interlude accompanying the inmate’s escape he had not maintained direct sight and sound supervision.
Appellant asserted that despite departmental rules requiring such supervision, correctional employees did not always maintain direct sight and sound control of medium custody inmates. The evidence suggested that appellant’s superiors were *1282 aware of this circumstance, which was sometimes necessitated by the nature of the work tasks to be performed. In addition, employees were not disciplined for inmate escapes unless the employee was negligent. DOC routinely suspended the employee upon the first such instance, and dismissed the employee upon a subsequent transgression. Appellant had previously received a three day suspension in connection with a prior inmate escape.
Without directly addressing the allegation of negligence the administrative hearing officer concluded that DOC did not have just cause to dismiss appellant, and alternatively recommended that the penalty be reduced. PERC remanded the case to the hearing officer for specific findings as to appellant’s alleged negligence. On remand the hearing officer found that the formal requirement of sight and sound supervision had been modified by customary practice to include brief necessary lapses. The hearing officer then concluded that the circumstances did not establish a negligent breach of appellant’s supervisory obligation. PERC rejected this determination as unsupported by the evidence, and affirmed DOC’s action in dismissing appellant.
PERC is required to uphold disciplinary action which is based upon just cause. See section 447.208(3), Florida Statutes. In this context just cause includes negligence or willful violation of agency rules. See section 110.227(1), Florida Statutes. By such rules DOC requires direct sight and sound supervision of medium custody inmates while outside the security perimeter of an institution. See Rule 33-4.003(18), F.A.C.; also see UCI Operating Procedure 84-50.2B. It is undisputed that appellant violated these rules. Even if other personnel may also, on other occasions, have violated these rules, the circumstances of the present case nevertheless establish appellant’s negligent supervision. PERC applied the appropriate standard in addressing this issue, given the totality of the circumstances which include multiple and distinct interludes resulting in the loss of sight and sound supervision for an extended period of time.
Appellant asserts that he may not be dismissed because DOC has condoned other sight and sound transgressions without disciplinary action. By this argument appellant relies upon the principle of condo-nation, which requires that employees be informed of an employer’s renewed intent to enforce standards which were previously abdicated. See e.g., Hlava v. HRS, Case No. CS-87-126 (PERC Nov. 25, 1987). However, the other sight and sound violations alleged by appellant involved dissimilar circumstances which did not necessarily include employee negligence. Condonation was not established, as appellant’s dismissal was not shown to be inconsistent with DOC policy and practice in other cases.
Appellant also asserts that PERC should have reduced the sanction imposed, suggesting that the case might be remanded to the hearing officer to address the issue of mitigation. Section 447.208(3)(d), Florida Statutes, establishes the parameters of PERC’s authority to consider mitigation, and PERC addressed the statutory criteria in declining to mitigate the penalty in the present case. The hearing officer also addressed mitigation in the initial recommended order. Another remand to the hearing officer is unnecessary and, as found by PERC, the circumstances do not require any reduction of DOC's disciplinary action. PERC thus properly upheld appellant’s dismissal from employment.
The order appealed is affirmed.
ERVIN, J., concurs.
ZEHMER, J., dissents with written opinion.